## The Chesapeake and Ohio Canal Company, plaintiff in error v. The Union Bank of Georgetown.

This case was argued by Mr Coxe and Mr Swann, for the plaintiffs in error; and by Mr Key, for the defendant.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

In pursuance of a warrant of inquisition issued at the instance o''he Chesapeake and Ohio Canal Company, by John Cox, a justice of the peace, in and for the county of Washington, in the District of Columbia, and addressed to the marshal of the said district, an inquest of office was held by the said marshal, on certain lands in the said warrant mentioned, lying in the said county. The inquisition of the marshal and jurors, returned to the circuit court for the county of Washington, estimated the value of the lands in the warrant mentioned, and all the damages that the owners thereof would sustain by cutting the said canal through the said land, at one thousand dollars. Upon the return of the said warrant, the Chesapeake and Ohio Canal Company by their counsel, moved the court for an order to have the same affirmed and recorded, unless good cause

be shown to the contrary. At a subsequent day, the Union Bank of Georgetown appeared by attorney, and filed certain objections to the said inquisition, which being argued, it was considered by the court, that the said inquisition be quashed; which judgment was brought before this court, by writ of error.

This proceeding is in conformity with the charter of the Chesapeake and Ohio Canal Company, which was originally passed by the legislature of Virginia, in January 1824; and afterwards by the legislature of Maryland, in December of the same year. The act of Virginia was ratified and confirmed by the congress of the United States, in March 1825; so far as may be necessary for enabling the company formed by authority of the act, to carry into effect the provisions thereof in the District of Columbia.

The charter empowers the president and directors of the company " to. agree with the owners of any land t rough which the said canal is intended to pass, for the purchase, or use and occupation thereof; and in case of disagreement, to apply to a justice of the peace of the county in which the land may lie, for a warrant of inquisition, on which such proceedings are directed as have been had in this case. The officer is to return this inquisition to the clerk of his county, and unless good cause be shown against it, it shall be affirmed. by the court and recorded; but if the said inquisition should be set aside, or if, from any cause, no inquisition shall be returned to such court within a reasonable time, the said court may, at its discretion, as often as may be necessary, direct another inquisition to be taken, in the manner above prescribed."

Before entering on the merits of the judgment of the circuit court for quashing this inquisition, a preliminary question is made to the jurisdiction of this court. Its appellate jurisdiction is extended by the act of congress, creating the circuit court for the district, to " any final judgment, order or decree, in said circuit court, where the matter in dispute, exclusive of costs, shall exceed the value, &c."

The order or judgment in quashing the inquisition in this case, is not final. The law authorises the court, " at its discretion, as often as may be necessary, to direct another inquisition to be taken." The order or judgment, therefore, quashing

the inquisition, is in the nature of an order setting aside a verdict, for the purpose of awarding a venire facias de novo.

The writ of error is to be dismissed, the court having no jurisdiction of the cause.

This cause came on to be heard on the transcript of the record from the circuit court of the United States, for the District of Columbia, holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is considered, ordered and adjudged by this court, that this writ of error be, and the same is hereby dismissed, for want of jurisdiction.